## E. IMBEAUX Co. *v.* A. SEVERT.

A Parish Ordinance of Iberville authorizes every inhabitant, proprietor of land, in the Parish to arrest all wild and mischievous animals, and requires the owner to give one dollar for the prize. *Held :* That remuneration can be recovered only on proof that the animals were wild and mischievous.

A stray is an animal found in an unusual place for such an animal, or an animal that has roved for some time in a certain place, whose owner is unknown.

A person who takes up a stray has no right to retain possession of it until the damages and charges are paid ; for these he has a direct action.

THIS case was tried by a jury before *Robertson*, J., in the Parish of Iberville. *E. W. Robertson*, for plaintiff. *Labauve*, for defendant and appellant.

VOORHIES, J. The defendant is appellant from a judgment rendered against him, in favor of the plaintiffs, on the verdict of a jury, for damages resulting from a quasi-offence.

The facts are briefly these : The plaintiffs were owners of a certain number of beeves, in possession of an agent in the parish of Iberville, to be shipped to New Orleans. Fifteen of the beeves having escaped from the enclosure, in

which they were kept, were taken up as strays by the appellant under an ordi- <span>INBEAUX & Co.,</span>
nance of the police jury of said parish; and while in his possession, were <span>v.</span>
claimed by the plaintiffs, whose title to the same was undisputed. But the <span>A. SEVERT.</span>
appellant refused to give up said beeves, unless the plaintiffs paid him the
remuneration which he claimed under the said ordinance. On the refusal
of the plaintiffs to do so, the appellant delivered said beeves to a justice of
the peace, to be sold as strays, at auction, for cash, which was accordingly
done, and the net proceeds of sale placed in the parish treasury, subject to the
order of the proprietors, for the period of one year.

The only point submitted to us by the appellants, arises out of the
charge of the Judge to the jury, as to the construction put on said parish
ordinance. The appellant excepted to the charge so far as it related to, or
might come under the 17th Article of said ordinance. In order to understand
the objection fully, it is proper to state that the ordinance contains two Articles
on the same subject; the 17th obviously applies to cases where the proprietors
are absent or unknown, and is as follows, to wit:

"Art. 17th. Every person shall have the right to arrest and take up all cat-
tle or animals running at large, without mark or brand of any person residing
in the parish, and to take said animals to a Justice of the Peace, who shall have
them sold at auction for cash, after thirty days' advertisements for horses, and
fifteen days for horned cattle. The taker shall have the right to one dollar for
the prize of a horse, and fifty cents for the prize of a horned animal, and also
twelve and a half cents per day for feeding and keeping, for each head of said
animals; all costs deducted; the remainder of the amount of such sale shall
be placed in the treasury of the parish, there to remain at the disposal of the
proprietor, during one year and one day."

The other Article is in these words: "Every inhabitant, proprietor of land
in the parish, is authorized to arrest all wild and mischievous animals, branded
or not branded, and to give notice of the same to the proprietor (if known),
who shall pay one dollar for the prize; and if the proprietor neglects to pay
the said dollar, and to take away said animals in the twenty-four hours after
being notified, said animals shall then be sold by a Justice of the Peace, after
notice in writing during three days: said notice to be posted up in two public
places in the parish, at the expense of the proprietor. If the proprietor is not
known, the person who shall have taken up such animals, shall keep them for
himself."

The averment in the appellant's answer, is, that he arrested and took up
fifteen stray and wild, and mischievous animals, and is evidently framed on this
Article. We do not think the Judge a quo erred in charging the jury, that
the appellant had a right to demand the remuneration prize only on proving to
their satisfaction that the animals were wild and mischievous. But it appears
that the appellant shifted his position, and relied on the other Article on this
branch of the case; the Judge instructed the jury, and, we think, correctly,
"that a stray is an animal found in an unusual place for such an animal; or
an animal that has roved for some time in a certain place, whose owner is un-
known;" "that the defendant had no right to retain possession of the property
until the damages and charges were paid, no person having a right to take the
law in his own hands; that if the appellant was entitled to the 'prize' for
taking up the beeves, or so much per head for taking them up, and to damages
committed by them, he had a direct action for the amount; and that the pos-

IMBEAUX & Co.,
v.
A. SEVERT.

session of the defendant, from the time he became aware of the real owner, was illegal, and he became responsible for any damages accruing from such possession." Moreover, if the appellant had the right to retain the beeves until the payment of the privilege asserted by him, why did he cause them to be sold as strays at public auction, for cash? A privilege giving a creditor the right to retain the property of his debtor, is more properly a right of pledge. The inn-keeper's privilege is so considered, and yet he has not the right to sell the property retained by him, of his own authority, but must apply to a tribunal to have his debt ascertained, and the property seized and sold for the payment of it. C. C. 3200, 3203. It is likewise so in relation to pledge. C. C. 3133. We are not aware that the present case forms an exception to that rule.

On the whole, we are of opinion that the verdict of the jury is not so manifestly erroneous, as to require its reversal. It is proper to add that the defendant, in his answer, has set up no claim of *quantum meruit* for what trouble and expense he may have incurred in taking care of the beeves until they were called for.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.